**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON**

| | | |
|---|---|---|
| CHARLES COX, | : | |
| Plaintiff, | : | |
| | | Case No. 3:14cv00023 |
| vs. | : | |
| | | District Judge Walter Herbert Rice |
| CAROLYN W. COLVIN, | : | Chief Magistrate Judge Sharon L. Ovington |
| Acting Commissioner of the Social | | |
| Security Administration, | : | |
| Defendant. | : | |

**REPORT AND RECOMMENDATIONS[1]**

This case is before the Court upon Plaintiff's Motion For Attorney Fees Under Equal Access to Justice Act (EAJA), 28 U.S.C. §2412(d).  (Doc. #20).  The Commissioner has neither responded to nor opposed the Motion, and the time for filing a Memorandum in Opposition has expired.  *See* S.D. Ohio Civ. R. 7.2(a)(2).

The Motion seeks an award of attorney fees under §2412(d) in the total amount of $4,703.25.  In the absence of a response or opposition by the Commissioner, the Motion, Memorandum, and supporting Exhibits establish that an award of attorney fees is warranted under §2412(d) in the amount Plaintiff's Motion seeks.  Any paid EAJA fees belong to

---

[1] Attached hereto is a NOTICE to the parties regarding objections to this Report and Recommendations.

Plaintiff and can be offset to satisfy pre-existing debt that he owes the United States.  *See*

*Astrue v. Ratliff*, 560 U.S. 586 (2010).  If counsel for the parties can verify that Plaintiff

owes no pre-existing debt subject to offset, Defendant shall direct that the EAJA award be

made payable to Plaintiff's attorney pursuant to the EAJA assignment duly signed by

Plaintiff and counsel.  *See id*.

      Accordingly, the Court hereby **RECOMMENDS** that Plaintiff's Motion For

Attorney Fees (Doc. #20) be GRANTED, and the Commissioner be directed to pay

Plaintiff's attorney fees pursuant to 28 U.S.C. §2412(d) in the amount of $4,703.25.

      It is further **RECOMMENDED** that the parties' counsel verify, **within thirty days**

of a Decision and Entry adopting this Report and Recommendations, whether or not Plaintiff

owes a pre-existing debt to the United States subject to offset.  If no such pre-existing debt

exists, Defendant shall pay the EAJA award directly to Plaintiff's attorney.

      The case remains terminated on this Court's docket.


July 9, 2015


                s/Sharon L. Ovington
                Sharon L. Ovington
          Chief United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within **FOURTEEN** days after being served with this Report and Recommendations.  Pursuant to Fed. R. Civ. P. 6(d), this period is extended to **SEVENTEEN** days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F).  Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.  A party may respond to another party's objections within **FOURTEEN** days after being served with a copy thereof.

Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947, 949-50 (6th Cir. 1981).